**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MILLER INVESTMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN STANLEY & CO. INCORPORATED and KPMG HONG KONG,<br><br>Defendants. | **Civil Action No. 11-cv-12126-JLT**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT MORGAN STANLEY & CO. LLC'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Morgan Stanley & Co. LLC ("Morgan Stanley" or the "Defendant") hereby answers the Complaint dated December 1, 2011 (the "Complaint") brought by Miller Investment Trust (the "Plaintiff"), as follows:

## I. SUMMARY OF THE ACTION

1. The first and second sentences of Paragraph 1 assert legal conclusions to which no answer is required, but to the extent an answer is required, the allegations are denied. Specifically, the Defendant denies that it was negligent in its underwriting of debt securities issued by ShengdaTech, Inc. ("ShengdaTech" or the "Company") that took place in December 2010 (the "Offering"), denies that it violated the Massachusetts Uniform Securities Act (the "Act"), and denies that the Plaintiff is entitled to any remedies under the Act, including under Section 410 (M.G.L. c. 100A § 410).

2. The Defendant denies that the Plaintiff purchased approximately $8.0 million of debt securities in the Offering directly through Morgan Stanley. In Paragraph 31 of the Complaint, the Plaintiff states that it purchased $5.4 million of ShengdaTech debt securities from Morgan Stanley in the Offering, and that it purchased the remaining securities from Morgan Stanley in January and February 2011, after the Offering.

3. This paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this paragraph. To the extent that a response is required, Morgan Stanley admits that KPMG Hong Kong ("KPMG") was ShengdaTech's registered independent accountant during the time period at issue in the Plaintiff's complaint, but denies that KPMG made any negligent misrepresentations. Regarding the second sentence of Paragraph 3, the Defendant denies the Plaintiff's characterization of KPMG's audit opinions, but admits that KPMG issued an audit opinion that was included in the Offering Memorandum stating that the consolidated financial statements for ShengdaTech and its subsidiaries for the periods ended December 31, 2008 and 2009 "present fairly, in all material respects, the financial position of ShengdaTech, Inc. and subsidiaries as of December 31, 2009 and 2008, and the results of their operations and their cash flows for the years then ended, in conformity with U.S. generally accepted accounting principles."

4. This paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this paragraph. To the extent that a response is required, Morgan Stanley is without knowledge or information sufficient to form a belief as to what KPMG knew during the time period at issue in the Complaint.

5. This paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this paragraph. To the extent that a response is required,

Morgan Stanley is without sufficient knowledge or information to form a belief regarding KPMG's consent to the use of its audit opinions for the equity offering, which did not occur. Regarding the second sentence of Paragraph 5, the Defendant admits that ShengdaTech's equity offering did not take place and that the Offering involved debt securities. As to the third sentence of Paragraph 5, the Defendant is without sufficient knowledge or information as to whether the Plaintiff relied on the audit letter issued one month before the Offering. The Defendant denies any remaining allegations in Paragraph 5 of the Complaint.

6. The Defendant admits that ShengdaTech is a U.S.-publicly-traded company whose operations are in China. The Defendant admits that on April 4, 2011, SEC Commissioner Luis Aguilar gave a speech, the full contents of which are not included in this Paragraph, but excerpts of which are included. The Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 asserts a legal conclusion to which no answer is required, but to the extent an answer is required, Morgan Stanley denies that ShengdaTech is "a vessel of outright fraud."

8. Paragraph 8 asserts a legal conclusion to which no answer is required, but to the extent an answer is required, Morgan Stanley denies that ShengdaTech "was lying about its financial condition" and denies that Morgan Stanley and KPMG failed to conduct "elementary due diligence." Morgan Stanley denies any remaining allegations in Paragraph 8 of the Complaint.

9. The Defendant denies the allegation that ShengdaTech engaged in "massive fraud" and admits that ShengdaTech filed for bankruptcy.

10. Paragraph 10 inaccurately characterizes a document that speaks for itself. To the extent that an answer is required, the Defendant denies the Plaintiff's characterization of the Bankruptcy Court's findings and any remaining allegations in Paragraph 10 of the Complaint.

11. Paragraph 11 inaccurately characterizes a document that speaks for itself. To the extent that an answer is required, the Defendant denies the Plaintiff's characterization of the Bankruptcy Court's findings and any remaining allegations in Paragraph 11 of the Complaint.

12. Paragraph 12 asserts legal conclusions to which no answer is required. To the extent an answer is required, Morgan Stanley denies that it did not undertake standard underwriting due diligence and denies that KPMG did not undertake standard auditing procedures. Morgan Stanley also denies that ShengdaTech's financial statements filed with the Securities and Exchange Commission ("SEC") were false. Morgan Stanley denies any remaining allegations in Paragraph 12 of the complaint.

13. Paragraph 13 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies that ShengdaTech's financial statements filed with the SEC were false, and therefore denies that Morgan Stanley or KPMG should have "detected" this purported falsity in their due diligence.

14. The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies them. The Plaintiff did not attach ShengdaTech's AIC filings to its complaint, and Morgan Stanley does not know whether a third party requesting AIC filings must be a China-licensed lawyer, or whether third parties "must have some knowledge of Chinese law in order to be aware that AIC filings exist."

15. The Defendant is without sufficient knowledge or information to form a belief as to whether "a company and its agents have unfettered access" to that company's AIC filings.

The Defendant admits that certain employees participating in the ShengdaTech underwriting process spoke Chinese and that it consulted Chinese legal counsel regarding the Offering. The Defendant otherwise denies the Plaintiff's allegations, including that it had "unfettered access" to ShengdaTech's AIC filings.

16. The Defendant admits the statement in the first sentence of Paragraph 16. As to the second sentence of Paragraph 16, on the information and knowledge presently available to Morgan Stanley, the allegations are denied. The Defendant otherwise denies the Plaintiff's allegations, including that ShengdaTech falsely reported its net sales in its SEC filings.

17. The Defendant denies the allegations in Paragraph 17, including the allegation that ShengdaTech maintained two sets of financial books.

18. Paragraph 18 asserts legal conclusions to which no answer is required and contains allegations directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to the allegations. To the extent an answer is required, the Defendant denies that ShengdaTech made misrepresentations and denies that Morgan Stanley and KPMG did not exercise reasonable due diligence. As to the second sentence in Paragraph 18, on the information and knowledge presently available to Morgan Stanley, the allegation is denied. The Defendant admits that the Offering Memorandum states that the Zibo facility produced 13,350 metric tons of nano-precipitated calcium carbonate ("NPCC") in 2009.

19. The Defendant is without sufficient knowledge or information to form a belief about the information on which the Plaintiff relied when deciding whether to invest in the Offering and therefore denies the allegations in Paragraph 19 of the Complaint.

20. The Defendant denies the allegation of Paragraph 20 as stated. The Defendant admits that on March 15, 2011, the NASDAQ Stock Market ("NASDAQ") announced that it had halted trading in ShengdaTech's stock earlier that morning.

21. The Defendant admits that ShengdaTech issued a press release on March 15, 2011, the full contents of which are not included in this Paragraph, but excerpts of which are included.

22. The Defendant denies the allegation in Paragraph 22 as stated. On March 15, 2011, the NASDAQ announced that it had changed the status of the halt of trading in ShengdaTech's equity securities to reflect that additional information had been requested from the Company.

23. The Defendant admits that ShengdaTech filed a Form 8-K with the SEC on June 9, 2011 stating that it "did not pay the Purchase Price" on the Purchase Date of June 1, 2011 for the 6.0% Convertible Senior Notes due 2018 to holders who had exercised their Put Options.

24. The Defendant admits that ShengdaTech filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code on August 19, 2011 in the United States Bankruptcy Court for the District of Nevada. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in the second sentence of Paragraph 24.

25. The Defendant admits the statement in Paragraph 25.

26. The Defendant admits that on August 24, 2011, ShengdaTech obtained a Temporary Restraining Order, the full contents of which are not included in this Paragraph, but excerpts of which are included.

27. Paragraph 27 inaccurately characterizes a document that speaks for itself. To the extent that an answer is required, the Defendant admits that on September 2, 2011, the United

States Bankruptcy Court for the District of Nevada issued a preliminary injunction setting forth the Court's Proposed Findings of Fact and Proposed Conclusions of Law, attached to the Complaint as Exhibit 1. The Defendant admits that portions of the Plaintiff's remaining allegations appear in the Bankruptcy Court's order, but denies that the Plaintiff's characterization of those statements is complete or accurate. The Defendant denies any remaining allegations in Paragraph 27 of the Complaint.

28. Paragraph 28 asserts legal conclusions to which no answer is required. To the extent an answer is required, the Defendant denies that ShengdaTech was a "largely fraudulent company operating behind the thinnest of screens," denies that it did not conduct reasonable due diligence, and denies that KPMG did not conduct a reasonable audit.

29. The Defendant is without sufficient knowledge or information to form a belief about the value of Plaintiff's notes.

## II. PARTIES

30. This paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this paragraph. To the extent that a response is required, Morgan Stanley is without sufficient knowledge or information to form a belief about the truth of the statement in Paragraph 30.

31. The Defendant denies the allegations of Paragraph 31 as stated because the dollar amounts that the Plaintiff alleges to have purchased on certain dates are inconsistent with the amounts reflected on the confirmations submitted as Exhibit 1 to the Plaintiff's Opposition. Morgan Stanley is without sufficient knowledge or information to form a belief about the Plaintiff's sales of its ShengdaTech securities and, therefore, denies those allegations.

32. The Defendant is without sufficient knowledge or information to form a belief regarding the information on which the Plaintiff relied with respect to the Offering.

33. The Defendant admits that Morgan Stanley & Co. LLC, together with its wholly owned subsidiaries, provides a wide variety of products and services to a large and diversified group of clients and customers, including corporations, governments, financial institutions and individuals. The Defendant admits that it is a Delaware limited liability corporation with its principal place of business located at 1585 Broadway, New York, New York. The Defendant further admits that it acted as the lead underwriter for the Offering, but denies that it acted as the sole underwriter for the Offering. The Defendant denies any remaining allegations in Paragraph 33 of the Complaint as stated.

34. This paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this paragraph. To the extent that a response is required, Morgan Stanley is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 34 and, therefore, denies them.

35. This paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this paragraph. To the extent that a response is required, Morgan Stanley is without sufficient knowledge or information to form a belief regarding KPMG's consent to the use of its audit opinions for the equity offering, which did not occur.

36. This paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this paragraph. To the extent that a response is required of Morgan Stanley, the Defendant is without sufficient knowledge or information to form a belief regarding what KPMG knew about information upon which investors might rely in deciding to purchase ShengdaTech notes in the Offering.

37. This paragraph does not contain factual allegations, and therefore no response is required.

38. The Defendant admits that ShengdaTech is a Nevada corporation with its principal place of business in China and manufactures NPCC, an additive used in the paint, paper, plastic and rubber industries.

39. The Defendant admits that ShengdaTech owns Faith Bloom, but denies that Faith Bloom is a Singapore company. The Defendant admits that Faith Bloom owns the five companies listed, and that they are established under the laws of, and operate in, the People's Republic of China ("PRC"). On the information and knowledge presently available to the Defendant, it denies that the five companies listed are the sole sources of ShengdaTech's revenue and income.

40. The Defendant admits that on August 19, 2011, ShengdaTech filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada.

## III. JURISDICTION AND VENUE

41. Paragraph 41 asserts a legal conclusion to which no answer is required, but to the extent an answer is required, the Defendant denies the allegation.

42. The Defendant admits the allegation in Paragraph 42.

43. Morgan Stanley admits that it is a Delaware limited liability corporation with its principal place of business located at 1585 Broadway, New York, New York. Morgan Stanley is without sufficient knowledge or information to form a belief about the Plaintiff's principal place of business or KPMG's citizenship and, therefore, denies the allegations.

44. Paragraph 44 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies the allegations.

45. Paragraph 45 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies the allegations.

## IV. DEFENDANTS' ALLEGED MISCONDUCT

46. The Defendant admits that ShengdaTech was organized as a Nevada corporation. The Defendant is without sufficient knowledge or information to form a belief as to the truth of the Plaintiff's allegations regarding the so-called "reverse-merger" process. To the extent that a response is required, the Defendant denies the allegations. The Defendant admits that on April 4, 2011, SEC Commissioner Luis Aguilar gave a speech, the full contents of which are not included in this paragraph, but excerpts of which are included. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the Plaintiff's allegations regarding so-called "peer companies," but to the extent an answer is required, the allegations are denied.

47. The Defendant admits that on March 31, 2006, ShengdaTech consummated a share exchange pursuant to a Securities Purchase Agreement and Plan of Reorganization with Faith Bloom and its stockholders. The Defendant admits that the SEC responded with a letter, but denies that the language quoted by the Plaintiff appears in the letter. The Defendant admits that on August 31, 2006, ShengdaTech filed its registration statement and that the registration statement was declared effective on January 16, 2007.

48. The Defendant admits that on May 14, 2008, ShengdaTech restated its annual report of FY 2007 on Form 10-K/A, the full contents of which are not included in this Paragraph, but excerpts of which are included. The second sentence of Paragraph 48 contains legal conclusions to which no response is required, but to the extent a response is required, the allegations are denied.

49. Paragraph 49 contains legal conclusions to which no response is required, but to the extent a response is required, the allegations are denied.

50. Paragraph 50 contains legal conclusions to which no response is required, but to the extent a response is required, the allegations are denied.

51. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegation in Paragraph 51.

52. This paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this paragraph. To the extent that a response is required, Morgan Stanley admits that ShengdaTech issued $100 million of convertible senior notes dated May 28, 2008 that were due in 2018, and that this offering was underwritten by Oppenheimer & Co., Inc., Roth Capital Partners, LLC, and Brean, Murray, Carret & Co. LLC.

53. The Defendant admits that on April 1, 2009, ShengdaTech filed its annual report on Form 10-K for FY 2008, and the report contained financial statements for FY 2008 and an audit opinion by KPMG. The Defendant denies that the financial statements "vastly overstated ShengdaTech's true financial performance in FY 2008."

54. The Defendant admits that on March 15, 2010, ShengdaTech filed its annual report on Form 10-K for FY 2009, and the report contained financial statements for FY 2009 and an audit opinion by KPMG. The Defendant denies that the financial statements "vastly overstated ShengdaTech's true financial performance in FY 2009."

55. The Defendant admits that on November 8, 2010, ShengdaTech filed its quarterly report on Form 10-Q for the quarter ending September 31, 2010, and the report contained financial statements for the nine months ended September 31, 2010. The Defendant denies that the financial statements "vastly overstated ShengdaTech's financial performance in the nine months ended September 31, 2010."

56. The Defendant admits that financial statements for FY 2008, FY 2009, and the nine months ending on September 30, 2009, were included in the Offering Memorandum. The

Defendant denies the Plaintiff's allegation that the financial statements were false. The Defendant denies the remaining allegations in Paragraph 56 of the Complaint.

57. Paragraph 57 asserts legal conclusions to which no answer is required. To the extent that a response is required, Morgan Stanley is without sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 57 and, therefore, denies them.

58. Paragraph 58 asserts legal conclusions to which no answer is required. To the extent that a response is required, Morgan Stanley is without sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 58 and, therefore, denies them.

59. Paragraph 59 asserts legal conclusions to which no answer is required. To the extent that a response is required, Morgan Stanley specifically denies that there are "no differences" between U.S. GAAP and Chinese GAAP and denies the remaining allegations in Paragraph 59 of the Complaint.

60. Paragraph 60 asserts legal conclusions to which no answer is required. To the extent that a response is required, Morgan Stanley specifically denies that there are "no differences" between U.S. GAAP and Chinese GAAP and denies the Plaintiff's characterization of the report issued by the Committee of European Securities Regulators. Morgan Stanley denies any remaining allegations in Paragraph 60 of the Complaint.

61. Paragraph 61 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this paragraph. To the extent that a response is required, Morgan Stanley is without sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 61 and, therefore, denies them.

62. On the information and knowledge presently available to Morgan Stanley, the allegations in Paragraph 62 are denied.

63. The Defendant admits that ShengdaTech's financial statements for the years 2008 and 2009 and the nine months ended September 30, 2010 included in the Offering Memorandum report the net sales, net income, total assets, and total liabilities figures that are alleged in Paragraph 63.

64. On the information and knowledge presently available to Morgan Stanley, the allegations in Paragraph 64 are denied.

65. The Defendant denies that ShengdaTech's sales and net income provided to the Plaintiff were "wildly overstated." On the information and knowledge presently available to Morgan Stanley, the remaining allegations in Paragraph 65 also are denied.

66. On the information and knowledge presently available to Morgan Stanley, the allegations in Paragraph 65 are denied.

67. The Defendant denies that "the figures reported by ShengdaTech's PRC subsidiaries in their AIC filings are accurate – rather than those stated in the [Offering Memorandum]" and denies that "independent professionals . . . found that ShengdaTech had invented customers, contracts, banks accounts, and U.S. certificates of deposit." The remaining allegations in Paragraph 67 assert legal conclusions to which no answer is required. To the extent that a response is required, Morgan Stanley is without sufficient information or knowledge to form a belief as to the truth of these allegations and, therefore, denies the allegations. Morgan Stanley denies any remaining allegations in Paragraph 67 and the footnotes thereto.

68. The Defendant denies that ShengdaTech's revenue and net income stated in the Offering Memorandum were "largely overstated."

69. The Defendant admits that ShengdaTech's 2008 and 2009 10-Ks included audit letters from KPMG, the full contents of which are not included in this Paragraph, but excerpts of

which are included. The Defendant denies the Plaintiff's characterization of KPMG's audit opinions, but admits that KPMG stated in the Offering Memorandum that the consolidated financial statements for ShengdaTech and its subsidiaries for the periods ended December 31, 2008 and 2009 "present fairly, in all material respects, the financial position of ShengdaTech, Inc. and subsidiaries as of December 31, 2009 and 2008, and the results of their operations and their cash flows for the years then ended, in conformity with U.S. generally accepted accounting principles."

70. The Defendant admits that on September 15, 2010, ShengdaTech filed a Form 10-K/A and a Form 10-Q/A. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in the second sentence of Paragraph 70 and, therefore, denies them.

71. Morgan Stanley admits that on October 1, 2010, ShengdaTech issued a press release announcing the resignation of its CFO, Andrew Chen. Morgan Stanley denies any remaining allegations in Paragraph 71 of the Complaint.

72. This paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this paragraph. To the extent that a response is required of Morgan Stanley, the allegations in this paragraph are denied.

73. This paragraph asserts legal conclusions to which no answer is required, but to the extent an answer is required, the allegations are denied.

74. The Defendant admits that ShengdaTech filed a Form S-3 on June 15, 2010, but denies the remaining allegations in Paragraph 74 of the Complaint.

75. The Defendant admits that ShengdaTech filed an amendment to Form S-3 on Form S-1 on November 8, 2010. The second and third sentences of Paragraph 75 assert legal

conclusions to which no answer is required. To the extent an answer is required, Morgan Stanley is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 75 and, therefore, denies the allegations.

76. This paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this paragraph. To the extent that a response is required, Morgan Stanley is without sufficient information or knowledge to form a belief as to the allegations in Paragraph 76 and, therefore, denies the allegations.

77. The Defendant admits that Morgan Stanley and Oppenheimer & Co. co-underwrote the Offering, but denies that William Blair & Co. co-underwrote the Offering.

78. The Defendant admits the statement in Paragraph 78.

79. The Defendant admits the statement in Paragraph 79.

80. The Defendant admits that on December 15, 2010, ShengdaTech announced the pricing of $130 million aggregate principal amount of the Company's 6.50% Senior Convertible Notes due 2015 to be issued in a private offering to qualified institutional buyers as defined in Rule 144A of the Securities Act of 1933.

81. The Defendant admits that on December 17, 2010, ShengdaTech filed with the SEC a document entitled "ShengdaTech, Inc. - Investor Questions and Responses."

82. The Defendant admits that on December 17, 2010, ShengdaTech filed a document entitled "ShengdaTech, Inc. - Investor Questions and Responses," the full contents of which are not included in this Paragraph, but excerpts of which are included.

83. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 83 and, therefore, denies the allegations.

84. The Defendant denies the allegations of Paragraph 84 as stated. The dollar amounts the Plaintiff alleges to have purchased on certain dates are inconsistent with the amounts reflected on the confirmations submitted as Exhibit 1 to the Plaintiff's Opposition. Morgan Stanley is without sufficient knowledge or information to form a belief about the Plaintiff's sales of its ShengdaTech securities. Morgan Stanley denies any remaining allegations in Paragraph 84 in the Complaint.

85. The Defendant admits that it had access to certain data regarding ShengdaTech, but otherwise denies the allegations of Paragraph 85, including the allegations that Morgan Stanley and KPMG did not conduct due diligence on ShengdaTech's PRC Companies, that they did not conduct a "basic investigation," and that ShengdaTech's financial statements were false and misleading.

86. The Defendant admits that it provided the Plaintiff with the Offering Memorandum, that the Offering Memorandum was drafted in part by Morgan Stanley, and that it included KPMG's audit report of ShengdaTech's financial statements for FY 2008 and 2009, and the unaudited financial statements for the nine months ended September 30, 2010. The Defendant otherwise denies the Plaintiff's characterizations of the Offering Memorandum. The Defendant denies any remaining allegations in Paragraph 86 of the Complaint.

87. The Defendant denies the allegations in Paragraph 87 of the Complaint. The Defendant incorporates its responses stated in ¶¶ 57-68, *supra*, as if stated herein.

88. Paragraph 88 asserts legal conclusions to which no answer is required, but to the extent an answer is required, the Defendant denies the allegations in Paragraph 88.

89. Paragraph 89 asserts legal conclusions to which no answer is required, but to the extent an answer is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, denies the allegations.

90. Paragraph 90 asserts legal conclusions to which no answer is required. To the extent an answer is required, on the information and knowledge presently available to the Defendant, the allegations are denied.

91. Paragraph 91 asserts legal conclusions to which no answer is required, but to the extent an answer is required, the Defendant denies that Morgan Stanley negligently conducted its due diligence or that KPMG negligently conducted its audits.

92. Paragraph 92 asserts legal conclusions to which no answer is required, but to the extent an answer is required, the Defendant denies the allegations regarding what Morgan Stanley and KPMG knew or should have known.

93. Paragraph 93 asserts legal conclusions to which no answer is required, but to the extent an answer is required, the Defendant denies the allegations.

94. The Defendant is without sufficient information or knowledge to form a belief regarding the truth of the allegations in Paragraph 94 and, therefore, denies the allegations.

95. The first sentence of Paragraph 95 asserts legal conclusions to which no answer is required, but to the extent an answer is required, on the information and knowledge presently available to Morgan Stanley, the allegations are denied. Morgan Stanley denies the allegations in the second sentence of Paragraph 95.

96. This paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this paragraph. To the extent that a response is required, Morgan Stanley admits that on March 15, 2011, ShengdaTech issued a press release stating that

it would investigate "potentially serious discrepancies and unexplained issues relating to the Company and its subsidiaries' financial records identified by the Company's auditors in the course of their audit of the consolidated financial statements for the fiscal year ended December 31, 2010." The full contents of this press release are not included in this Paragraph, but excerpts of the press release are included.

97. This paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this paragraph. To the extent that a response is required, Morgan Stanley is without sufficient information or knowledge to form a belief regarding the truth of the allegations in Paragraph 97 and, therefore, denies the allegations.

98. This paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this paragraph. To the extent that a response is required, Morgan Stanley admits that ShengdaTech formed a Special Committee, as announced in ShengdaTech's press release dated March 15, 2011, but Morgan Stanley is without sufficient information or knowledge to form a belief regarding the truth of the remaining allegations and, therefore, denies the allegations.

99. This paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this paragraph. To the extent that a response is required, Morgan Stanley is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 99 and, therefore, denies the allegations.

100. This paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this paragraph. To the extent that a response is required, Morgan Stanley denies the allegation of Paragraph 100 as stated. Morgan Stanley admits that on

March 15, 2011, the NASDAQ announced that it had halted trading in ShengdaTech's stock earlier that morning.

101. The Defendant admits that ShengdaTech issued a press release on March 15, 2011, the full contents of which are not included in this Paragraph, but excerpts of which are included.

102. The Defendant denies the allegation in Paragraph 102 as stated. On March 15, 2011, the NASDAQ announced that it had changed the status of the halt of trading in ShengdaTech's equity securities to reflect that additional information had been requested from the Company.

103. This paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this paragraph. To the extent that a response is required, Morgan Stanley admits that on April 29, 2011, ShengdaTech issued a press release, the full contents of which are not included in this paragraph, but partial summaries of which are included.

104. The Defendant admits that ShengdaTech filed a Form 8-K on May 5, 2011, the full contents of which are not included in this paragraph, but excerpts of which are included.

105. The Defendant admits that ShengdaTech filed a Form 8-K with the SEC on June 9, 2011 stating that it "did not pay the Purchase Price" on the Purchase Date of June 1, 2011 for the 6.0% Convertible Senior Notes due 2018 to holders who had exercised their Put Options.

106. The Defendant admits that ShengdaTech filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code on August 19, 2011 in the United States Bankruptcy Court for the District of Nevada. The Defendant is without sufficient knowledge or information to

form a belief about the truth of the allegations in the second sentence of Paragraph 106 and, therefore, denies the allegations.

107. The Defendant admits that on August 24, 2011, ShengdaTech obtained a Temporary Restraining Order. The Defendant denies the remaining allegations in Paragraph 107 of the Complaint.

108. Paragraph 108 inaccurately characterizes a document that speaks for itself. To the extent that an answer is required, the Defendant admits that on September 2, 2011, the United States Bankruptcy Court for the District of Nevada issued a preliminary injunction setting forth the Court's Proposed Findings of Fact and Proposed Conclusions of Law, attached to the Complaint as Exhibit 1. The Defendant admits that portions of the Plaintiff's remaining allegations appear in the Bankruptcy Court's order, but denies that the Plaintiff's characterization of those statements is complete or accurate. The Defendant denies any remaining allegations in Paragraph 108 of the Complaint.

**KPMG's Liability**

The allegations in Paragraphs 109-142 are expressly directed to KPMG, and therefore Morgan Stanley need not respond to these paragraphs. To the extent an answer is required, Morgan Stanley answers as follows:

109. Paragraph 109 asserts a legal conclusion, and therefore Morgan Stanley need not respond to this paragraph. To the extent an answer is required, Morgan Stanley denies that the financial statements were materially false or misleading.

110. The Defendant admits that KPMG consented to the use of the audit reports contained in the Offering Memorandum.

111. Paragraph 111 asserts legal conclusions to which no answer is required, but to the extent an answer is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, denies them.

112. Paragraph 112 asserts legal conclusions to which no answer is required, but to the extent an answer is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, denies them.

113. Paragraph 113 asserts legal conclusions to which no answer is required, but to the extent an answer is required, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, denies them.

114. Paragraph 114 asserts legal conclusions to which no answer is required, but to the extent an answer is required, the Defendant admits that KPMG reviewed ShengdaTech's financial statements for the nine months ended September 30, 2010.

115. The Defendant is without sufficient information or knowledge to form a belief about KPMG's knowledge regarding the use of its audit reports, or about whether KPMG consented to the use of its audit reports in ShengdaTech's 2010 Form S-3/A.

116. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, denies them.

117. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, denies them.

118. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, denies them.

119. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, denies them.

120. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of Paragraph 120 and, therefore, denies them. The second sentence of this paragraph asserts legal conclusions to which no answer is required, but to the extent an answer is required, the Defendant denies that KPMG was negligent.

121. The first sentence of Paragraph 121 asserts legal conclusions to which no answer is required. To the extent an answer is required, the Defendant denies that KPMG's audit was negligent. Regarding the second sentence of this paragraph, the Defendant admits that KPMG provided an audit opinion letter dated March 15, 2010 that was included in the Offering Memorandum, the full contents of which are not included in this paragraph, but excerpts of which are included.

122. The Defendant admits that KPMG provided an audit opinion letter dated March 15, 2010 that was included in the Offering Memorandum, the full contents of which are not included in this paragraph, but excerpts of which are included.

123. Paragraph 123 asserts legal conclusions to which no answer is required. To the extent an answer is required, Morgan Stanley denies the Plaintiff's remaining allegations, including the allegations that KPMG's statements "were materially false and misleading," that ShengdaTech "fundamentally misrepresented the condition of its business," and that KPMG did not follow applicable accounting standards.

124. Paragraph 124 asserts legal conclusions to which no answer is required. To the extent that an answer is required, Morgan Stanley is without sufficient information or knowledge to form a belief regarding the truth of the allegations about the definition of Generally Accepted Auditing Standards ("GAAS") and the PCAOB's authority.

125. Paragraph 125 asserts legal conclusions to which no answer is required. To the extent that an answer is required, Morgan Stanley is without sufficient information or knowledge to form a belief regarding the truth of the allegations and, therefore, denies them.

126. Paragraph 126 asserts legal conclusions to which no answer is required. To the extent that an answer is required, Morgan Stanley is without sufficient information or knowledge to form a belief regarding the truth of these allegations and, therefore, denies them.

127. Paragraph 127 asserts legal conclusions to which no answer is required. To the extent that an answer is required, the Defendant is without sufficient information or knowledge to form a belief regarding the truth of the allegations regarding GAAS requirements for auditors. On the information and knowledge presently available to Morgan Stanley, the remaining allegations also are denied.

128. Paragraph 128 asserts legal conclusions to which no answer is required. To the extent an answer is required, on the information and knowledge presently available to Morgan Stanley, the allegations are denied.

129. The Defendant is without sufficient information or knowledge to form a belief regarding the truth of the allegations and, therefore, denies them.

130. The Defendant admits that ShengdaTech filed a Form 8-K on May 5, 2011, but it denies that the language quoted in Paragraph 130 appears in that filing.

131. On the information and knowledge presently available to Morgan Stanley, the allegations are denied.

132. The Defendant is without sufficient information or knowledge to form a belief regarding the truth of the allegations and, therefore, denies them.

133. The Defendant is without sufficient information or knowledge to form a belief regarding the truth of the allegations and, therefore, denies them.

134. On the information and knowledge presently available to Morgan Stanley, these allegations are denied.

135. The Defendant is without sufficient information or knowledge to form a belief regarding the truth of the allegations and, therefore, denies them.

136. This paragraph asserts legal conclusions to which no response is required. On the information and knowledge presently available to Morgan Stanley, the allegations are denied.

137. This paragraph asserts legal conclusions to which no response is required. To the extent an answer is required, on the information and knowledge presently available to Morgan Stanley, the allegations are denied.

138. The Defendant is without sufficient information or knowledge to form a belief regarding the truth of the allegations and, therefore, denies them.

139. The Defendant is without sufficient information or knowledge to form a belief regarding the truth of the allegations and, therefore, denies them.

140. This paragraph asserts legal conclusions to which no response is required. To the extent an answer is required, on the information and knowledge presently available to Morgan Stanley, these allegations are denied.

141. The Defendant is without sufficient information or knowledge to form a belief regarding the truth of these allegations and, therefore, denies them.

142. On the information and knowledge presently available to Morgan Stanley, these allegations are denied.

## V. COUNT I: VIOLATION OF M.G.L. c. 110A § 410 (Against Morgan Stanley)

143. Morgan Stanley incorporates by reference the responses to the preceding paragraphs, as if fully set forth herein.

144. The Defendant admits that Morgan Stanley & Co. LLC and certain of its subsidiaries are registered with the SEC as broker-dealers. The Defendant denies the remaining allegations as stated.

145. Paragraph 145 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies that the Offering Memorandum contained untrue statements of material fact and omitted to state material facts necessary in order to make the statements made not misleading. Morgan Stanley denies any remaining allegations in Paragraph 145 of the Complaint.

146. The Defendant is without sufficient information to form a belief regarding the Plaintiff's awareness about the information contained in the Offering Memorandum. In addition, Paragraph 146 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies that the Offering Memorandum contained untrue statements of material fact, and denies any remaining allegations in Paragraph 146 of the Complaint.

147. Paragraph 147 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies that the Offering Memorandum contained untrue statements of material facts and omissions whose disclosure was necessary to make other statements not misleading. Morgan Stanley further denies that it knew, or in the exercise of reasonable care should have known, that the Offering Memorandum contained purported facts or omissions. Morgan Stanley denies any remaining allegations in Paragraph 147 of the Complaint.

148. Paragraph 148 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies that the Plaintiff is entitled to damages under M.G.L. c. 110A § 410(a)(2).

149. Paragraph 149 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies the allegations in Paragraph 149 of the Complaint.

## VI. COUNT II: NEGLIGENT MISREPRESENTATION (AGAINST KPMG)

The allegations in Paragraphs 150-157 are expressly directed to KPMG, and therefore Morgan Stanley need not respond to these paragraphs. To the extent an answer is required, Morgan Stanley answers as follows:

150. The Defendant incorporates by reference the responses of the preceding paragraphs as if fully set forth herein.

151. On the information and knowledge presently available to the Defendant, the Defendant is without sufficient information or knowledge to form a belief regarding KPMG's purported duty to the Plaintiff, KPMG's subjective beliefs, and the Plaintiff's purported reliance on KPMG's reports. The Defendant also denies all remaining allegations in Paragraph 151 of the Complaint.

152. On the information and knowledge presently available to the Defendant, the Defendant denies that "[t]he purpose of the audit letters was to induce reliance on the part of, among others, Plaintiff." The Defendant admits that KPMG issued audit letters, the full contents of which are not included in this Paragraph, but excerpts of which are included.

153. The Defendant denies that KPMG acted negligently or failed to take reasonable care in obtaining relevant information or communicating to investors. Morgan Stanley denies any remaining allegations in Paragraph 153 of the Complaint.

154. On the information and knowledge presently available to the Defendant, the Defendant denies the allegations in Paragraph 154 of the Complaint.

155. On the information and knowledge presently available to the Defendant, the Defendant denies the allegations in Paragraph 155 of the Complaint.

156. On the information and knowledge presently available to the Defendant, the Defendant denies that the Plaintiff suffered damages, or paid artificially inflated prices for ShengdaTech's 2015 Notes. The Defendant is without sufficient information or knowledge to form a belief regarding the Plaintiff's loss with respect to its investment. The Defendant denies any remaining allegations in Paragraph 156 of the Complaint.

157. The Defendant is without sufficient information or knowledge to form a belief regarding the factors that affected the Plaintiff's decision to invest in ShengdaTech securities. The Defendant denies any remaining allegations in Paragraph 157 of the Complaint.

**AS TO ALL ALLEGATIONS**

1. Any allegation not expressly responded to above is denied.

2. The headings and subheadings set forth in the Complaint do not require a response, but to the extent a response is required, the Defendant denies the allegations deemed to be made in those headings.

3. The Defendant denies that there is any basis for this action in fact or in law.

4. The Defendant denies that the Plaintiff is entitled to the relief requested or to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

The Defendant states the following affirmative defenses without assuming the burden of proof on any such defenses that would otherwise fall on the Plaintiff.

**FIRST DEFENSE**

For the reasons set forth in the Defendant's Motion to Dismiss the Complaint, the Complaint partially or entirely fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Defendant exercised reasonable care in underwriting the Offering and did not know, or in the exercise of reasonable care could not have known, of the purported misstatements or omissions.

**THIRD DEFENSE**

The Plaintiff's alleged damages, if any, were caused by the acts or omissions of third parties, for whose conduct the Defendant was not and is not legally responsible.

**FOURTH DEFENSE**

The Defendant reasonably relied on the advice of others, including that of outside auditors.

**FIFTH DEFENSE**

The Plaintiff knew or had reason to know of the purported misrepresentations or omissions contained in the Offering Memorandum.

**SIXTH DEFENSE**

The Plaintiff cannot make any claims with respect to securities purchased after the Offering.

The Defendant reserves the right to amend this Answer, to assert additional affirmative defenses, and to supplement those affirmative defenses asserted herein.

Respectfully submitted,

MORGAN STANLEY & CO. LLC

By their attorneys,

ROPES & GRAY, LLP

By: /s/ John P. Bueker

Dated: August 7, 2012

Randall W. Bodner (BBO# 549160)
John P. Bueker (BBO# 636435)
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 951-7000
Facsimile: (617) 951-7050

*Attorneys for Defendant Morgan Stanley & Co. LLC*

CERTIFICATE OF SERVICE

I, John P. Bueker, hereby certify that this document, filed through the ECF system, will be served electronically to the registered participants identified on the Notice of Electronic Filing ("NEF"), and that paper copies will be sent via electronic mail to those identified on the NEF as non-registered participants on August 7, 2012.

/s/ John P. Bueker
John P. Bueker (BBO# 636435)
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 951-7000
Facsimile: (617) 951-7050

*Attorneys for Defendant Morgan Stanley & Co. LLC*