**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MILLER INVESTMENT TRUST and JURA LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY & CO. LLC and KPMG, a Hong Kong Partnership<br><br>Defendants. | **Civil Action No. 1:11-cv-12126-GAO**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT MORGAN STANLEY & CO. LLC'S**
**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant Morgan Stanley & Co. LLC ("Morgan Stanley" or the "Defendant") hereby answers the Second Amended Complaint dated March 10, 2014 (the "Complaint") brought by Miller Investment Trust and Jura Limited (the "Plaintiffs"), as follows:

## SECTION I

1. Paragraph 1 asserts legal conclusions to which no answer is required, but to the extent an answer is required, the allegations with respect to Morgan Stanley are denied. Specifically, Morgan Stanley denies that it was culpable in its underwriting of bonds issued by ShengdaTech, Inc. ("ShengdaTech" or the "Company"). Morgan Stanley does not need to respond to statements in this Paragraph directed at parties other than Morgan Stanley, but to the extent an answer is required, Morgan Stanley denies those allegations.

2. Morgan Stanley admits the first and second sentences in Paragraph 2. The third sentence in Paragraph 2 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies the third sentence in Paragraph 2.

3. The Defendant admits the first sentence in Paragraph 3, but denies the second and third sentences in Paragraph 3. Specifically, Morgan Stanley denies that the Company admitted that its financial statements "may have been falsified in whole or in part," denies that Morgan Stanley violated the Massachusetts Uniform Securities Act (the "Act"), and denies that the Plaintiffs are entitled to any remedies under the Act, including under Section 410 (M.G.L. c. 100A § 410).

4. This Paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent a response is required, Morgan Stanley admits that KPMG Hong Kong ("KPMG") was ShengdaTech's registered independent accountant during the time period at issue in the Plaintiffs' Complaint, and that KPMG had issued audit reports certifying that it had conducted an audit that complied with professional standards and that ShengdaTech's financial statements were accurately stated. Morgan Stanley is without sufficient knowledge or information to form a belief about the truth of any remaining allegations in Paragraph 4, and, therefore, denies them.

The allegations in Paragraphs 5-15 are expressly directed to KPMG, and therefore Morgan Stanley need not respond to these Paragraphs. To the extent an answer is required, Morgan Stanley answers as follows:

5. The Defendant admits that KPMG was ShengdaTech's registered independent accountant and conducted audits of ShengdaTech for 2008 and 2009.

6. The Defendant admits that KPMG reviewed the Company's quarterly reports for the first, second and third quarters of 2010 before they were filed with the SEC.

7. The Defendant admits that in December 2010, ShengdaTech issued $130 million in convertible debt securities (the "Private Placement").

8. The Defendant denies the allegations in Paragraph 8 as stated. With respect to the allegations regarding what Plaintiffs may have relied on in purchasing ShengdaTech

bonds, the Defendant is without sufficient information or knowledge to form a belief about the truth of the allegations, and, therefore, denies them.

9. Paragraph 9 asserts legal conclusions to which no answer is required, but to the extent an answer is required, the Defendant denies the allegations in Paragraph 9, including that ShengdaTech's "sales to customers, purchases from suppliers, and operations, were all vastly overstated."

10. Paragraph 10 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. Paragraph 10 further asserts legal conclusions to which no answer is required. To the extent an answer is required, Morgan Stanley admits that ShengdaTech restated its financial statements and that Anhui Guo was ShengdaTech's CFO during certain time periods leading up to the Private Placement. Morgan Stanley is without sufficient information or knowledge to form a belief about the truth of the remaining allegations in Paragraph 10, and, therefore, denies them.

11. Paragraph 11 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. Paragraph 11 further asserts legal conclusions to which no answer is required. To the extent an answer is required, Morgan Stanley is without sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 11, and, therefore, denies them.

12. Paragraph 12 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. Paragraph 12 further asserts legal conclusions to which no answer is required. To the extent an answer is required, Morgan Stanley is without sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 12, and, therefore, denies them.

13. Paragraph 13 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent an answer is required,

Morgan Stanley admits that KPMG consented to the use of the audit reports contained in the Offering Memorandum, but Morgan Stanley is without sufficient information or knowledge to form a belief about the truth of the remaining allegations in Paragraph 13, and, therefore, denies them.

14. Paragraph 14 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. Paragraph 14 further asserts legal conclusions to which no answer is required. To the extent an answer is required, Morgan Stanley is without sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 14, and, therefore, denies them.

15. Paragraph 15 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent an answer is required, Morgan Stanley is without sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 15, and, therefore, denies them.

16. The Defendant denies the allegation of Paragraph 16 as stated. The Defendant admits that on March 15, 2011, the NASDAQ Stock Market ("NASDAQ") announced that it had halted trading in ShengdaTech's stock earlier that morning.

17. The Defendant admits that ShengdaTech issued a press release on March 15, 2011, the full contents of which are not included in this Paragraph, but excerpts of which are included.

18. The Defendant denies the allegation in Paragraph 18 as stated. On March 15, 2011, the NASDAQ announced that it had changed the status of the halt of trading in ShengdaTech's equity securities to reflect that additional information had been requested from the Company.

19. The Defendant admits that ShengdaTech filed a Form 8-K with the SEC on June 9, 2011 stating that it "did not pay the Purchase Price" on the Purchase Date of June 1,

2011 for the 6.0% Convertible Senior Notes due 2018 to holders who had exercised their Put Options.

20. The Defendant admits that ShengdaTech filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code on August 19, 2011 in the United States Bankruptcy Court for the District of Nevada. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in the second sentence of Paragraph 20.

21. The Defendant admits the statement in Paragraph 21.

22. The Defendant admits that on August 24, 2011, ShengdaTech obtained a Temporary Restraining Order, the full contents of which are not included in this Paragraph.

23. Paragraph 23 inaccurately characterizes a document that speaks for itself. To the extent an answer is required, the Defendant admits that on September 2, 2011, the United States Bankruptcy Court for the District of Nevada issued a preliminary injunction setting forth the Court's Proposed Findings of Fact and Proposed Conclusions of Law. The Defendant admits that portions of the Plaintiffs' remaining allegations appear in the Bankruptcy Court's order, but denies that the Plaintiffs' characterization of those statements is complete or accurate. The Defendant denies any remaining allegations in Paragraph 23.

24. The Defendant is without sufficient knowledge or information to form a belief about the value of Plaintiffs' notes, and, therefore, denies the allegations in Paragraph 24.

## SECTION II

25. This Paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent a response is required, Morgan Stanley is without sufficient knowledge or information to form a belief about the truth of the statement in Paragraph 25.

26. The Defendant denies the allegations of Paragraph 26 as stated because the dollar amounts that the Plaintiffs allege to have purchased on certain dates are inconsistent with the amounts reflected on the confirmations submitted as Exhibit 1 to the Plaintiff's Opposition. Morgan Stanley is without sufficient knowledge or information to form a belief about the Plaintiffs' sales of its ShengdaTech securities and, therefore, denies those allegations.

27. Morgan Stanley is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 27 and, therefore, denies them.

28. Morgan Stanley is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 28 and, therefore, denies them.

29. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 29 regarding the information on which the Plaintiffs relied with respect to the Private Placement, and, therefore, denies them.

30. The Defendant admits that Morgan Stanley & Co. LLC, together with its wholly owned subsidiaries, provides a wide variety of products and services to a large and diversified group of clients and customers, including corporations, governments, financial institutions and individuals. The Defendant admits that it is a Delaware limited liability corporation with its principal place of business located at 1585 Broadway, New York, New York. The Defendant further admits that it acted as the lead underwriter for the Private Placement, but denies that it acted as the sole underwriter for the Private Placement. The Defendant denies any remaining allegations in Paragraph 30 as stated.

31. This Paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent a response is required, Morgan Stanley is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 31 and, therefore, denies them.

32. This Paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent a response is required, Morgan Stanley is without sufficient knowledge or information to form a belief regarding KPMG's consent to the use of its audit opinions for the Equity Offering, which did not occur.

33. This Paragraph does not contain factual allegations, and therefore no response is required.

34. The Defendant admits that ShengdaTech is a Nevada corporation with its principal place of business in China and manufactures NPCC, an additive used in the paint, paper, plastic and rubber industries.

35. The Defendant admits that ShengdaTech owns Faith Bloom, but denies that Faith Bloom is a Singapore company. The Defendant admits that Faith Bloom owns the five companies listed, and that they are established under the laws of, and operate in, the People's Republic of China ("PRC"). On the information and knowledge presently available to the Defendant, it denies that the five companies listed are the sole sources of ShengdaTech's revenue and income.

36. The Defendant admits that on August 19, 2011, ShengdaTech filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada.

37. The Defendant is without sufficient knowledge or information to form a belief regarding the allegations in Paragraph 37, and, therefore, denies them.

38. The Defendant is without sufficient knowledge or information to form a belief regarding the allegations in Paragraph 38, and, therefore, denies them.

39. The Defendant admits that Xiangzhi Chen was ShengdaTech's CEO.

40. The Defendant admits that Anhui Guo was ShengdaTech's CFO during certain time periods leading up to the Private Placement.

41. The Defendant admits that A. Carl Mudd and Sheldon B. Saidman were ShengdaTech directors, and sat on its audit committee.

42. The Defendant admits that Andrew Chen was ShengdaTech's CFO from approximately April 2009 to approximately September 2010.

43. The Defendant is without sufficient knowledge or information to form a belief regarding the allegations in Paragraph 43, and, therefore, denies them.

**SECTION III**

44. Paragraph 44 asserts a legal conclusion to which no answer is required, but to the extent an answer is required, the Defendant denies the allegation.

45. Paragraph 45 asserts a legal conclusion to which no answer is required, but to the extent an answer is required, the Defendant denies the allegation.

46. Paragraph 46 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. Paragraph 46 further asserts a legal conclusion to which no answer is required, but to the extent an answer is required, Morgan Stanley is without sufficient knowledge or information to form a belief about KPMG's minimum contacts with the United States, and, therefore, denies the allegations.

47. Paragraph 47 asserts legal conclusions to which no answer is required. To the extent an answer is required, Morgan Stanley admits that it conducts business in this Commonwealth.

48. Paragraph 48 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies the allegations.

49. Paragraph 49 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies the allegations.

50. Paragraph 50 asserts a legal conclusion to which no answer is required, but to the extent an answer is required, the Defendant denies the allegation.

51. The Defendant admits the allegation in Paragraph 51.

52. Morgan Stanley admits that it is a Delaware limited liability corporation with its principal place of business located at 1585 Broadway, New York, New York. Morgan Stanley is without sufficient knowledge or information to form a belief about the Plaintiffs' principal places of business or KPMG's citizenship and, therefore, denies the allegations.

53. Paragraph 53 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies the allegations.

54. Paragraph 54 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies the allegations.

**SECTION IV**

Paragraphs 55 through 62 are expressly directed at KPMG, and therefore Morgan Stanley need not respond to these Paragraphs. To the extent an answer is required, Morgan Stanley answers as follows:

55. The Defendant admits that KPMG was ShengdaTech's registered independent accountant.

56. The Defendant admits that KPMG audited certain ShengdaTech financial statements, but the Defendant is without sufficient information or knowledge to form a belief about the truth of the remaining allegations in Paragraph 56 and, therefore, denies them.

57. Paragraph 57 asserts legal conclusions to which no answer is required, but to the extent an answer is required, the Defendant admits that the Public Company Accounting Oversight Board (the "PCAOB") establishes and maintains certain standards, but the Defendant is without sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 57 and, therefore, denies them.

58. The Defendant is without sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 58 and, therefore, denies them.

59. Paragraph 59 asserts legal conclusions to which no answer is required, but to the extent an answer is required, the Defendant is without sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 59 and, therefore, denies them.

60. Paragraph 60 asserts legal conclusions to which no answer is required, but to the extent an answer is required, the Defendant is without sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 60 and, therefore, denies them.

61. Paragraph 61 inaccurately characterizes a document that speaks for itself. To the extent an answer is required, the Defendant admits that Paragraph 61 contains excerpts of statements made by KPMG, but denies that Plaintiffs' characterization of those statements is complete or accurate.

62. Paragraph 62 inaccurately characterizes a document that speaks for itself. To the extent an answer is required, the Defendant admits that Paragraph 62 contains excerpts of statements made by KPMG, but denies that Plaintiffs' characterization of those statements is complete or accurate.

## SECTION V

63. The Defendant admits that ShengdaTech was organized as a Nevada corporation. The Defendant is without sufficient knowledge or information to form a belief about the truth of the Plaintiffs' allegations regarding the so-called "reverse-merger" process. To the extent a response is required, the Defendant denies the allegations. The Defendant admits that on April 4, 2011, SEC Commissioner Luis Aguilar gave a speech, the full contents of which are not included in this Paragraph, but excerpts of which are included. The Defendant is without sufficient information or knowledge to form a belief about the truth of the Plaintiffs' allegations regarding the other "China-based issuers" and actions of the

"Chinese regulators," but to the extent a response is required, the Defendant denies the allegations.

64. The Defendant admits that on March 31, 2006, ShengdaTech consummated a share exchange pursuant to a Securities Purchase Agreement and Plan of Reorganization with Faith Bloom and its stockholders. The Defendant admits that the SEC responded with a letter, but denies that the language quoted by the Plaintiffs appears in the letter. The Defendant admits that on August 31, 2006, ShengdaTech filed its registration statement and that the registration statement was declared effective on January 16, 2007.

65. The Defendant admits that on May 14, 2008, ShengdaTech restated its annual report of FY 2007 on Form 10-K/A. The footnote to Paragraph 65 contains legal conclusions to which no response is required, but to the extent a response is required, the allegations are denied.

66. The Defendant is without sufficient information or knowledge to form a belief about the truth of the allegation in Paragraph 66, and, therefore, denies them.

67. This Paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent a response is required, Morgan Stanley admits that ShengdaTech issued $100 million of convertible senior notes dated May 28, 2008 that were due in 2018, and that this offering was underwritten by Oppenheimer & Co., Inc., Roth Capital Partners, LLC, and Brean, Murray, Carret & Co. LLC.

68. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 68, and, therefore, denies them.

69. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 69, and, therefore, denies them.

70. Paragraph 70 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 70, and, therefore, denies them.

71. Paragraph 71 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent a response is required, the Defendant admits that on April 1, 2009, ShengdaTech filed its annual report on Form 10-K for FY 2008, and the report contained financial statements for FY 2008 and an audit opinion by KPMG. The Defendant denies that the financial statements "vastly overstated ShengdaTech's true financial performance in FY 2008."

72. Paragraph 72 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 72, and, therefore, denies them.

73. Paragraph 73 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. Paragraph 73 further asserts legal conclusions to which no answer is required, but to the extent an answer is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 73, and, therefore, denies them.

74. Paragraph 74 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. Paragraph 74 further asserts legal conclusions to which no answer is required, but to the extent an answer is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 74, and, therefore, denies them.

75. Paragraph 75 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. Paragraph 75 further asserts legal conclusions to which no answer is required, but to the extent an answer is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 75, and, therefore, denies them.

76. Paragraph 76 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph, but to the extent an answer is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 76 (including those allegations contained in footnote 8), and, therefore, denies them.

77. Paragraph 77 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph, but to the extent an answer is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 77, and, therefore, denies them.

78. The Defendant admits that on March 15, 2010, ShengdaTech filed its annual report on Form 10-K for FY 2009, and the report contained financial statements for FY 2009 and an audit opinion by KPMG.

79. The Defendant admits that the 10-K filed on March 15, 2010 included an opinion by KPMG, but denies the Plaintiffs' characterization of KPMG's opinion, which speaks for itself.

80. Paragraph 80 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph, but to the extent an answer is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 80, and, therefore, denies them.

81. Paragraph 81 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph, but to the extent an answer is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 81, and, therefore, denies them.

82. Paragraph 82 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. Paragraph 82 further asserts legal conclusions to which no answer is required. To the extent an answer is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 82, and, therefore, denies them.

83. Paragraph 83 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph, but to the extent an answer is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 83, and, therefore, denies them.

84. Paragraph 84 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph, but to the extent an answer is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 84, and, therefore, denies them.

85. Paragraph 85 is directed at parties other than Morgan Stanley, and further asserts legal conclusions to which no response is required. Therefore Morgan Stanley need not respond to this Paragraph, but to the extent an answer is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 85, and, therefore, denies them.

86. The Defendant admits that ShengdaTech filed a Form S-3 on June 15, 2010, but denies the remaining allegations in Paragraph 86.

87. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 87, and, therefore, denies them.

88. The Defendant admits that, on or around October 20, 2010, ShengdaTech filed an amended shelf registration statement.

89. Paragraph 89 inaccurately characterizes a document that speaks for itself. To the extent an answer is required, the Defendant admits that Paragraph 89 contains excerpts from ShengdaTech's registration statement filed October 20, 2010, but denies that the Plaintiffs' characterization of those statements is complete or accurate, and denies that the bracketed text is accurate.

90. Paragraph 90 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent a response is required, Morgan Stanley is without sufficient knowledge or information to form a belief regarding KPMG's consent to the use of its audit reports in ShengdaTech's registration statement filed October 20, 2010.

91. The Defendant admits that ShengdaTech filed an amendment to Form S-3 on Form S-1 on November 8, 2010. The second and third sentences of Paragraph 91 assert legal conclusions to which no answer is required. To the extent an answer is required, Morgan Stanley is without sufficient information or knowledge to form a belief about the truth of the remaining allegations in Paragraph 91 and, therefore, denies the allegations.

92. The Defendant admits that, on November 18, 2010, ShengdaTech filed an amended shelf registration statement. The Defendant denies that the Plaintiffs' characterization of KPMG's statements is complete or accurate, and is without sufficient knowledge or information to form a belief regarding KPMG's consent to the use of its audit reports in that registration statement.

93. Paragraph 93 is directed at parties other than Morgan Stanley, and further asserts legal conclusions to which no response is required. Therefore Morgan Stanley need not respond to this Paragraph, but to the extent an answer is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 93, and, therefore, denies them.

94. The Defendant admits that ShengdaTech's equity offering did not take place and that the Private Placement involved debt securities.

95. The Defendant admits that KPMG provided a comfort letter in December 2010 in connection with the Private Placement, but denies that the Plaintiffs' characterization of that letter is complete or accurate.

96. Paragraph 96 inaccurately characterizes a document that speaks for itself. To the extent an answer is required, the Defendant denies that the Plaintiffs' characterization of KPMG's comfort letter is complete or accurate.

97. Paragraph 97 inaccurately characterizes a document that speaks for itself. To the extent an answer is required, the Defendant denies that the Plaintiffs' characterization of KPMG's statements is complete or accurate.

98. The Defendant admits the statement in Paragraph 98.

99. The Defendant admits the first sentence of Paragraph 99. With respect to the second sentence of Paragraph 99, the Defendant admits that ShengdaTech announced that it intended to use approximately $67 million of the net proceeds from the Private Placement to repurchase a portion of the Company's 2018 Notes, and also that it intended to use net proceeds from the Private Placement to finance its NPCC production capacity expansion, research and development activities, and other working capital requirements.

100. This Paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent a response is required,

Morgan Stanley is without sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 100 and, therefore, denies the allegations.

101. This Paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent a response is required, Morgan Stanley is without sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 101 and, therefore, denies the allegations.

102. This Paragraph is directed at parties other than Morgan Stanley, and asserts legal conclusions to which no response is required; therefore Morgan Stanley need not respond to this Paragraph. To the extent a response is required, Morgan Stanley is without sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 102 and, therefore, denies the allegations.

103. This Paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent a response is required, Morgan Stanley admits that ShengdaTech formed a Special Committee, as announced in ShengdaTech's press release dated March 15, 2011, but Morgan Stanley is without sufficient information or knowledge to form a belief about the truth of the remaining allegations and, therefore, denies the allegations.

104. This Paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent a response is required, Morgan Stanley is without sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 104 and, therefore, denies the allegations.

105. This Paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent a response is required, Morgan Stanley denies the allegation of Paragraph 105 as stated. Morgan Stanley admits that

on March 15, 2011, the NASDAQ announced that it had halted trading in ShengdaTech's stock earlier that morning.

106. The Defendant admits that ShengdaTech issued a press release on March 15, 2011, the full contents of which are not included in this Paragraph, but excerpts of which are included.

107. The Defendant denies the allegation in Paragraph 107 as stated. On March 15, 2011, the NASDAQ announced that it had changed the status of the halt of trading in ShengdaTech's equity securities to reflect that additional information had been requested from the Company.

108. This Paragraph is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent a response is required, Morgan Stanley admits that on April 29, 2011, ShengdaTech issued a press release, the full contents of which are not included in this Paragraph, but partial summaries of which are included.

109. The Defendant admits that ShengdaTech filed a Form 8-K on May 5, 2011, the full contents of which are not included in this Paragraph, but excerpts of which are included.

110. The Defendant admits the allegations in Paragraph 110.

111. Paragraph 111 asserts legal conclusions to which no answer is required, but to the extent an answer is required, the Defendant admits that ShengdaTech filed a Form 8-K with the SEC on June 9, 2011 stating that it "did not pay the Purchase Price" on the Purchase Date of June 1, 2011 for the 6.0% Convertible Senior Notes due 2018 to holders who had exercised their Put Options.

112. The Defendant admits that the SEC commenced a regulatory proceeding regarding ShengdaTech, but the Defendant is without sufficient knowledge or information to

form a belief about the truth of the remaining allegations in Paragraph 112 regarding the SEC regulatory proceeding.

113. The Defendant admits that ShengdaTech filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code on August 19, 2011 in the United States Bankruptcy Court for the District of Nevada. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation that ShengdaTech fired CEO Chen on August 19, 2011 and, therefore, denies the allegation. The Defendant is also without sufficient knowledge or information to form a belief about the truth of the allegation in the second sentence of Paragraph 113 and, therefore, denies the allegation.

114. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 114 and, therefore, denies the allegations.

115. The Defendant admits that on August 24, 2011, ShengdaTech obtained a Temporary Restraining Order against its CEO. The Defendant denies the remaining allegations in Paragraph 115.

116. Paragraph 116 inaccurately characterizes a document that speaks for itself. To the extent an answer is required, the Defendant admits that on September 2, 2011, the United States Bankruptcy Court for the District of Nevada issued a preliminary injunction setting forth the Court's Proposed Findings of Fact and Proposed Conclusions of Law. The Defendant admits that portions of the Plaintiffs' remaining allegations appear in the Bankruptcy Court's order, but denies that the Plaintiffs' characterization of those statements is complete or accurate. The Defendant denies any remaining allegations in Paragraph 116.

117. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 117 and, therefore, denies the allegations.

**SECTION VI**

Paragraphs 118 through 224 are expressly directed to KPMG, and therefore Morgan Stanley need not respond to these Paragraphs. To the extent an answer is required, Morgan Stanley answers as follows:

118. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 118 and, therefore, denies the allegations.

119. Paragraph 119 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 119 and, therefore, denies the allegations.

120. Paragraph 120 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 120 and, therefore, denies the allegations.

121. Paragraph 121 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 121 and, therefore, denies the allegations.

122. Paragraph 122 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 122 and, therefore, denies the allegations.

123. Paragraph 123 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or

information to form a belief about the truth of the allegations in Paragraph 123 and, therefore, denies the allegations.

124. Paragraph 124 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 124 and, therefore, denies the allegations.

125. Paragraph 125 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 125 and, therefore, denies the allegations.

126. Paragraph 126 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 126 and, therefore, denies the allegations.

127. Paragraph 127 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 127 and, therefore, denies the allegations.

128. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 128 and, therefore, denies the allegations.

129. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 129 and, therefore, denies the allegations.

130. Paragraph 130 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or

information to form a belief about the truth of the allegations in Paragraph 130 and, therefore, denies the allegations.

131. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 131 and, therefore, denies the allegations.

132. Paragraph 132 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 132 and, therefore, denies the allegations.

133. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 133 and, therefore, denies the allegations.

134. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 134 and, therefore, denies the allegations.

135. Paragraph 135 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 135 and, therefore, denies the allegations.

136. Paragraph 136 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 136 and, therefore, denies the allegations.

137. Paragraph 137 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 137 and, therefore, denies the allegations.

138. Paragraph 138 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 138 and, therefore, denies the allegations.

139. Paragraph 139 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 139 and, therefore, denies the allegations.

140. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 140 and, therefore, denies the allegations.

141. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 141 and, therefore, denies the allegations.

142. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 142 (including the exhibits incorporated by reference therein) and, therefore, denies the allegations.

143. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 143 and, therefore, denies the allegations.

144. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 144 and, therefore, denies the allegations.

145. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 145 and, therefore, denies the allegations.

146. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 146 and, therefore, denies the allegations.

147. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 147 and, therefore, denies the allegations.

148. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 148 and, therefore, denies the allegations.

149. Paragraph 149 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 149 and, therefore, denies the allegations.

150. The Defendant admits that ShengdaTech had subsidiaries and operations in the Chinese provinces of Shandong and Shaanxi, but is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 150 and, therefore, denies the allegations.

151. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 151 and, therefore, denies the allegations.

152. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 152 and, therefore, denies the allegations.

153. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 153 and, therefore, denies the allegations.

154. Paragraph 154 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 154 and, therefore, denies the allegations.

155. Paragraph 155 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant admits that Paragraph 155 contains excerpts of 17 C.F.R. §229.404, but is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 155 and, therefore, denies them.

156. Paragraph 156 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 156 and, therefore, denies the allegations.

157. Paragraph 157 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant admits that Regulation S-K sets forth a definition of "related person," but denies that Paragraph 157 completely or accurately describes that definition.

158. Paragraph 158 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 158 and, therefore, denies the allegations.

159. Paragraph 159 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant admits that Paragraph 159 sets forth portions of certain standards promulgated by the PCAOB, but denies that the Plaintiffs' characterization of those statements is complete or accurate. The Defendant is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 159 and, therefore, denies them.

160. Paragraph 160 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 160 and, therefore, denies the allegations.

161. Paragraph 161 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or

information to form a belief about the truth of the allegations in Paragraph 161 and, therefore, denies the allegations.

162. Paragraph 162 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 162 and, therefore, denies the allegations.

163. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 163 and, therefore, denies the allegations.

164. Paragraph 164 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 164 and, therefore, denies the allegations.

165. Paragraph 165 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 165 and, therefore, denies the allegations.

166. Paragraph 166 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 166 and, therefore, denies the allegations.

167. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 167 and, therefore, denies the allegations.

168. Paragraph 168 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or

information to form a belief about the truth of the allegations in Paragraph 168 and, therefore, denies the allegations.

169. Paragraph 169 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 169 and, therefore, denies the allegations.

170. Paragraph 170 does not contain factual allegations but rather hypothetical questions, and therefore no response is required. To the extent a response is required, the Defendant denies the allegations.

171. Paragraph 171 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 171 and, therefore, denies the allegations.

172. Paragraph 172 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 172 and, therefore, denies the allegations.

173. Paragraph 173 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 173 and, therefore, denies the allegations.

174. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 174 and, therefore, denies the allegations.

175. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 175 and, therefore, denies the allegations.

176. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 176 and, therefore, denies the allegations.

177. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 177 and, therefore, denies the allegations.

178. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 178 and, therefore, denies the allegations.

179. Paragraph 179 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 179 and, therefore, denies the allegations.

180. The Defendant admits that on April 1, 2009, ShengdaTech filed its 10-K for the year ended December 31, 2008. The remaining allegations in Paragraph 180 assert legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about these allegations and, therefore, denies them.

181. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 181 and, therefore, denies the allegations.

182. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 182 and, therefore, denies the allegations.

183. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 183 and, therefore, denies the allegations.

184. Paragraph 184 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 184 and, therefore, denies the allegations.

185. The Defendant admits that Paragraph 185 contains excerpts from certain of ShengdaTech's SEC filings regarding Mr. Zhen Chen, but denies that Plaintiffs' characterization of such documents is complete or accurate, and is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 185 and, therefore, denies them.

186. Paragraph 186 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 186 and, therefore, denies them.

187. Paragraph 187 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 187 and, therefore, denies them.

188. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 188 and, therefore, denies them.

189. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 189 and, therefore, denies them.

190. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 190 and, therefore, denies them.

191. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 191 (and the chart replicated therein) and, therefore, denies them.

192. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 192 and, therefore, denies them.

193. Paragraph 193 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 193 and, therefore, denies the allegations.

194. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 194 and, therefore, denies them.

195. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 195 and, therefore, denies them.

196. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 196 and, therefore, denies them.

197. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 197 and, therefore, denies them.

198. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 198 and, therefore, denies them.

199. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 199 and, therefore, denies them.

200. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 200 and, therefore, denies them.

201. Paragraph 201 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 201 and, therefore, denies the allegations.

202. Paragraph 202 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or

information to form a belief about the truth of the allegations in Paragraph 202 and, therefore, denies the allegations.

203. Paragraph 203 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 203 and, therefore, denies the allegations.

204. Paragraph 204 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations and, therefore, denies them.

205. Paragraph 205 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 205 and, therefore, denies them.

206. Paragraph 206 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 206 and, therefore, denies them.

207. Paragraph 207 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent a response is required, the Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 207 and, therefore, denies them.

208. Paragraph 208 asserts legal conclusions to which a response is not required. To the extent a response is required, the Defendant is without sufficient knowledge or

information to form a belief about the truth of the allegations in Paragraph 208 and, therefore, denies them.

209. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 209 and, therefore, denies them.

210. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 210 and, therefore, denies them.

211. Paragraph 211 asserts legal conclusions to which no answer is required. To the extent a response is required, the Defendant specifically denies that there are "no significant differences" between U.S. GAAP and Chinese GAAP.

212. Paragraph 212 asserts legal conclusions to which no answer is required. To the extent a response is required, the Defendant denies the allegations in Paragraph 212.

213. Paragraph 213 asserts legal conclusions to which no answer is required. To the extent a response is required, the Defendant specifically denies that there are "no differences" between U.S. GAAP and Chinese GAAP and denies the Plaintiffs' characterization of the report issued by the Committee of European Securities Regulators. The Defendant denies any remaining allegations in Paragraph 213.

214. Paragraph 214 asserts legal conclusions to which no answer is required. To the extent an answer is required, the Defendant denies the allegations.

215. Paragraph 215 asserts legal conclusions to which no answer is required, but to the extent an answer is required, the Defendant denies the allegations.

216. The Defendant is without sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 216 and, therefore, denies the allegations.

217. Paragraph 217 asserts legal conclusions to which no answer is required, but to the extent a response is required, the Defendant is without sufficient information or

knowledge to form a belief about the truth of the allegations in Paragraph 217 and, therefore, denies them.

218. Paragraph 218 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent a response is required, Morgan Stanley denies that "ShengdaTech presented many red flags." Morgan Stanley is without sufficient information or knowledge to form a belief about the truth of the remaining allegations in Paragraph 218 and, therefore, denies them.

219. The Defendant is without sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 219 and, therefore, denies them.

220. The Defendant admits that Andrew Chen resigned as ShengdaTech's CFO on or around September 30, 2010**,** and that Anhui Guo served as ShengdaTech's interim CFO in the months leading up to the Private Placement. The Defendant is without sufficient information or knowledge to form a belief about the truth of the remaining allegations in Paragraph 220 and, therefore, denies them.

221. The Defendant is without sufficient information or knowledge to form a belief about the truth of the allegations in Paragraph 221 and, therefore, denies them.

222. Paragraph 222 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent a response is required, Morgan Stanley is without sufficient information or knowledge to form a belief about the truth of the remaining allegations in Paragraph 222 and, therefore, denies them.

223. Paragraph 223 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent a response is required, Morgan Stanley is without sufficient information or knowledge to form a belief about the truth of the remaining allegations in Paragraph 223 and, therefore, denies them.

224. Paragraph 224 is directed at parties other than Morgan Stanley, and therefore Morgan Stanley need not respond to this Paragraph. To the extent a response is required, Paragraph 224 inaccurately characterizes numerous documents that speak for themselves, and Morgan Stanley denies that Plaintiffs' characterization of these documents is complete or accurate. Morgan Stanley is without sufficient information or knowledge to form a belief about the truth of the remaining allegations in Paragraph 224 and, therefore, denies them.

**SECTION VII**

225. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 225, including whether Plaintiffs read the PPM or information contained therein and whether and to what extent Plaintiffs relied on that information in purchasing ShengdaTech's 2015 Notes, and, therefore, denies these allegations.

226. The Defendant denies the allegations of Paragraph 226 as stated because the dollar amounts that the Plaintiffs allege to have purchased on certain dates are inconsistent with the amounts reflected on the confirmations submitted as Exhibit 1 to the Plaintiff's Opposition. Morgan Stanley is without sufficient knowledge or information to form a belief about Plaintiffs' sales of its ShengdaTech securities and, therefore, denies those allegations.

227. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 227, including whether Wellesley Advisors had and/or exercised "authority as investment manager of Jura" to make the specified purchases of ShengdaTech bonds, and, therefore, denies them.

228. The Defendant admits that it had access to certain data regarding ShengdaTech, but otherwise denies the allegations of Paragraph 228, including the allegations that Morgan Stanley and KPMG did not conduct due diligence on ShengdaTech's PRC Companies.

## SECTION VIII

229. Paragraph 229 asserts legal conclusions to which no response is required, but to the extent an answer is required, the Defendant denies the allegations in Paragraph 229.

230. The Defendant admits that Plaintiffs purchased Convertible Bonds, but denies Plaintiffs' characterizations regarding the value at which such bonds were purchased, and denies any remaining allegations in Paragraph 230.

231. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 231, and, therefore, denies them.

232. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 232, and, therefore, denies them.

233. Paragraph 233 asserts legal conclusions to which no answer is required, but to the extent an answer is required, the Defendant admits that ShengdaTech filed a Form 8-K with the SEC on June 9, 2011 stating that it "did not pay the Purchase Price" on the Purchase Date of June 1, 2011 for the 6.0% Convertible Senior Notes due 2018 to holders who had exercised their Put Options. The Defendant further admits that ShengdaTech filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code on August 19, 2011 in the United States Bankruptcy Court for the District of Nevada. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegation that ShengdaTech fired CEO Chen on August 19, 2011 and, therefore, denies that allegation.

234. The Defendant admits that ShengdaTech filed for bankruptcy, as noted above in the response to Paragraph 233. The Defendant is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 234, and, therefore, denies them.

235. The Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 235, and, therefore, denies them.

236. Paragraph 236 asserts legal conclusions to which no answer is required, but to the extent an answer is required, the Defendant admits that ShengdaTech filed a Form 8-K with the SEC on June 9, 2011 stating that it "did not pay the Purchase Price" on the Purchase Date of June 1, 2011 for the 6.0% Convertible Senior Notes due 2018 to holders who had exercised their Put Options. The Defendant is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 236, and, therefore, denies them.

237. The Defendant is without sufficient knowledge or information to form a belief about whether Plaintiffs "lost nearly their entire investment," or about the truth of the remaining allegations in Paragraph 237, and, therefore, denies them.

**COUNT I**
**VIOLATION OF M.G.L. 110A §410**

**(Against Morgan Stanley)**

238. Morgan Stanley incorporates by reference the responses in the preceding paragraphs, as if fully set forth herein.

239. The Defendant admits that Morgan Stanley & Co. LLC and certain of its subsidiaries are registered with the SEC as broker-dealers. The Defendant denies the remaining allegations as stated.

240. Paragraph 240 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies that the PPM contained untrue statements of material fact and omitted to state material facts necessary in order to make the statements made not misleading. Morgan Stanley denies any remaining allegations in Paragraph 240.

241. The Defendant is without sufficient information to form a belief regarding the Plaintiffs' awareness about the information contained in the PPM. In addition, Paragraph 241 asserts legal conclusions to which no answer is required, but to the extent an answer is

required, Morgan Stanley denies that the PPM contained untrue statements of material facts and omissions, and denies any remaining allegations in Paragraph 241.

242. Paragraph 242 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies that the PPM contained untrue statements of material facts and omissions whose disclosure was necessary to make other statements not misleading. Morgan Stanley further denies that it knew, or in the exercise of reasonable care should have known, that the Private Placement Memorandum contained purported facts or omissions. Morgan Stanley denies any remaining allegations in Paragraph 242.

243. Paragraph 243 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies that the Plaintiffs are entitled to damages under M.G.L. c. 110A § 410(a)(2).

244. Paragraph 244 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies the allegations in Paragraph 244.

## COUNT II
## NEGLIENT MISREPRESENTATION

**(By Miller Investment Trust, against KPMG)**

The allegations in Paragraphs 245-256 are expressly directed to KPMG, and therefore Morgan Stanley need not respond to these Paragraphs. To the extent an answer is required, Morgan Stanley answers as follows:

245. This Paragraph does not contain factual allegations, and therefore no response is required.

246. The Defendant incorporates by reference the responses of the preceding paragraphs as if fully set forth herein.

247. On the information and knowledge presently available to the Defendant, the Defendant is without sufficient information or knowledge to form a belief regarding KPMG's

purported duty to the Plaintiff, KPMG's subjective beliefs, and the Plaintiff's purported reliance on KPMG's reports. The Defendant also denies all remaining allegations in Paragraph 247.

248. On the information and knowledge presently available to the Defendant, the Defendant denies that "[t]he purpose of the audit letters was to induce reliance on the part of, among others, Plaintiff." The Defendant admits that KPMG issued audit letters, the full contents of which are not included in this Paragraph, but excerpts of which are included.

249. The Defendant denies that KPMG acted negligently or failed to take reasonable care in obtaining relevant information or communicating to investors. Morgan Stanley denies any remaining allegations in Paragraph 249.

250. On the information and knowledge presently available to the Defendant, the Defendant denies the allegations in Paragraph 250.

251. On the information and knowledge presently available to the Defendant, the Defendant denies the allegations in Paragraph 251.

252. The Defendant is without sufficient information or knowledge to form a belief regarding the factors that affected the Plaintiff's decision to invest in ShengdaTech securities. The Defendant denies any remaining allegations in Paragraph 252.

253. On the information and knowledge presently available to the Defendant, the Defendant is without sufficient information or knowledge to form a belief regarding KPMG's purported duty to the Plaintiff. The Defendant also denies all remaining allegations in Paragraph 253.

254. Paragraph 254 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies the allegations stated in Paragraph 254.

255. Paragraph 255 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies the allegations stated in Paragraph 255.

256. Paragraph 256 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies the allegations stated in Paragraph 256.

## COUNT III
## VIOLATION OF SECTION 18 OF THE EXCHANGE ACT

**(against KPMG)**

The allegations in Paragraphs 257-264 are expressly directed to KPMG, and therefore Morgan Stanley need not respond to these Paragraphs. To the extent an answer is required, Morgan Stanley answers as follows:

257. Paragraph 257 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies the allegation.

258. The Defendant incorporates by reference the responses of the preceding paragraphs as if fully set forth herein.

259. Paragraph 259 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies the allegations stated in Paragraph 259.

260. The Defendant is without sufficient information or knowledge to form a belief regarding the Miller Investment Trust's actions. On the information and knowledge presently available to the Defendant, the Defendant denies that the Miller Investment Trust read and relied on the Company's 2008 and 2009 financial statements and 10-Ks, and the audit opinion issued by KPMG. The Defendant denies any remaining allegations in Paragraph 260.

261. Paragraph 261 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies the allegation.

262. On the information and knowledge presently available to the Defendant, the Defendant denies that the Miller Investment Trust was significantly damaged as stated in Paragraph 262.

263. Paragraph 263 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies the allegation.

264. Paragraph 264 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies the allegation.

265. Paragraph 265 asserts legal conclusions to which no answer is required, but to the extent an answer is required, Morgan Stanley denies the allegation.

## AS TO ALL ALLEGATIONS

1. Any allegation not expressly responded to above, including any allegation contained in footnotes not expressly referenced above, is denied.

2. The headings and subheadings set forth in the Complaint do not require a response, but to the extent a response is required, the Defendant denies the allegations deemed to be made in those headings.

3. The Defendant denies that there is any basis for this action in fact or in law.

4. The Defendant denies that the Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

The Defendant states the following affirmative defenses without assuming the burden of proof on any such defenses that would otherwise fall on the Plaintiffs.

### FIRST DEFENSE

For the reasons set forth in the Defendant's Motion to Dismiss the Complaint, the Complaint partially or entirely fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Defendant exercised reasonable care in underwriting the Private Placement and did not know, or in the exercise of reasonable care could not have known, of the purported misstatements or omissions.

**THIRD DEFENSE**

The Plaintiffs' alleged damages, if any, were caused by the acts or omissions of third parties, for whose conduct the Defendant was not and is not legally responsible.

**FOURTH DEFENSE**

The Defendant reasonably relied on the advice of others, including that of outside auditors.

**FIFTH DEFENSE**

The Plaintiffs knew or had reason to know of the purported misrepresentations or omissions contained in the Private Placement Memorandum.

**SIXTH DEFENSE**

The Plaintiffs cannot make any claims with respect to securities purchased after the Private Placement.

The Defendant reserves the right to amend this Answer, to assert additional affirmative defenses, and to supplement those affirmative defenses asserted herein.

Respectfully submitted,

MORGAN STANLEY & CO. LLC

By their attorneys,

ROPES & GRAY, LLP

By: /s/ John P. Bueker

Dated: April 9, 2014

Randall W. Bodner (BBO# 549160)
John P. Bueker (BBO# 636435)
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 951-7000
Facsimile: (617) 951-7050

*Attorneys for Defendant Morgan Stanley & Co. LLC*

**CERTIFICATE OF SERVICE**

I, John P. Bueker, hereby certify that this document, filed through the ECF system, will be served electronically to the registered participants identified on the Notice of Electronic Filing ("NEF"), and that paper copies will be sent via electronic mail to those identified on the NEF as non-registered participants on April 9, 2014.

/s/ John P. Bueker

John P. Bueker (BBO# 636435)
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 951-7000
Facsimile: (617) 951-7050

*Attorneys for Defendant Morgan Stanley & Co. LLC*