**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MILLER INVESTMENT TRUST and JURA LIMITED,<br>　　Plaintiffs,<br>　　　　　　v.<br>MORGAN STANLEY & CO. LLC and KPMG, a Hong Kong Partnership,<br><br>　　Defendants. | **Civil Action No. 1:11-cv-12126-DPW**<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT KPMG'S NOTICES OF SUPPLEMENTAL AUTHORITY** |

Plaintiffs Miller Investment Trust and Jura Limited ("Plaintiffs") file this brief response to the Notices of Supplemental Authority filed by Defendant KPMG, a Hong Kong Partnership ("KPMG HK") (Dkt . Nos. 204-206).

By way of background, Plaintiffs allege that KPMG HK made two false statements. *First*, KPMG HK stated that "In our opinion, the consolidated financial statements referred to above present fairly, in all material respects, the financial position of [the client] in conformity with U.S. generally accepted accounting principles" (the "GAAP Statement"). Plaintiffs' Opposition to KPMG HK's Motion to Dismiss, dkt. # 193 ("MTD Opp.") at 5. And *second*, KPMG HK stated that "we conducted our audit in accordance with the standards of the Public Company Accounting Oversight Board (United States)" ("PCAOB Standards", and the "PCAOB Standards Statement." MTD Opp. at 1. Plaintiffs argue that "the GAAP Statement is an opinion, but the PCAOB Standards Statement is not" and is rather a statement of fact. MTD Opp. at 18.

KPMG HK has cited two out-of-circuit opinions as supplemental authorities in this action, claiming each holds that the PCAOB Standards Statement is a statement of opinion: *Querub v. Moore Stephens Hong Kong*, No. 15-2100, 2016 WL 2942415 (2d Cir. May 20, 2016) (Dkt. # 206) and *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, No. 15-1813, 2016 WL 1392280 (2d Cir. Apr. 8, 2016) (Dkt. No. 204-2).

Both, however, are terse non-precedential summary orders, and neither explains their reasoning, because they were ***written for the parties***. Examining the authorities in the context of the parties' arguments shows that they are not on point.

KPMG HK quotes out of context the statement in *Querub* that "[a]udit reports [...] are statements of opinion subject to the Omnicare standard." Dkt. # 205-1. But KPMG HK does not mention that the part of the opinion it cites addresses Section 11 claims. *Querub*, 2016 WL

2942415, at *3. A plaintiff suing under Section 11 challenges an auditor's certification of financial statements – i.e., the GAAP Statement.[1] Indeed, Querub specifically found that the plaintiffs had not shown the auditor did not believe its opinion *on the financial statements*. *Id.* at *3. Thus, *Querub* is irrelevant, since it merely finds that the GAAP Statement is an opinion, while the issue in this case is whether the PCAOB Standards Statement is an opinion.

And *Special Situations* is irrelevant too. It never holds that the PCAOB Standards Statement is a statement of opinion. *Special Situations*, 2016 WL 1392280, at *3. That is because in *Special Situations*, the plaintiffs did not independently argue that the PCAOB Standards Statement was a false statement, instead the plaintiff lumped both statements together, and chose not to argue that the combined statement was a statement of fact. Opening Brief for All Plaintiffs-Appellants, *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, No. 15-1813, dkt. # 73, at 42-45 (Exhibit 1 hereto); Reply Brief for All Plaintiffs-Appellants, *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, No. 15-1813, dkt. # 73, at 19, 25 (Exhibit 2 hereto) ("[Defendant's] audit opinions [...] were materially false and misleading [] because [Defendant] (i) did not believe them, and (ii) omitted material facts going to the basis for its opinions").

**Conclusion**

*Querub* and *Special Situations* were skeletal summary orders written only for the parties. KPMG HK plucks statements from these opinions out of context and applies them to this case. Examining these non-precedential summary orders in context shows they have no relevance to the issues pending before the Court.

---

[1] 15 U.S.C § 77(k); *see, e.g.*, *In re OSG Sec. Litig.*, 971 F. Supp. 2d 387, 400 (S.D.N.Y. 2013); *In re WorldCom, Inc. Sec. Litig.*, 352 F. Supp. 2d 472, 492 (S.D.N.Y. 2005).

Dated: June 2, 2016								Respectfully submitted,

*The Miller Investment Trust and The Randi and Clifford Lane Foundation*

By their attorneys,

/s/ Laurence M. Rosen
Laurence M. Rosen (pro hac vice)
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, NY, 10016
Telephone: (212) 686-1060
lrosen@rosenlegal.com

*Counsel for Plaintiffs*

Thomas G. Shapiro (BBO # 454680)
Adam M. Stewart (BBO # 661090)
SHAPIRO HABER & URMY LLP
Seaport East
Two Seaport Lane
Boston, MA 02210
Telephone:  (617) 439-3939
tshapiro@shulaw.com
astewart@shulaw.com

*Additional Counsel for Plaintiff Miller Investment Trust*

**Certificate of Service**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 2, 2016.

                                              **/s/ Laurence M. Rosen**